Selwyn D. Whitehead, SBN 236391
Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue
Oakland, CA 94605
Phone: 510.632.7444
Fax: 510.856.5180
selwynwhitehead@yahoo.com

Attorney for Creditor
CRYSTAL DELLIGATTI

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>EDWARD P. STURT-PENROSE and<br>HEATHER L. GIBBONS,<br>        Debtors.<br><br>CRYSTAL DELLIGATTI<br>        Movant<br><br>    v.<br><br>EDWARD P. STURT-PENROSE and<br>HEATHER L. GIBBONS,<br>        Respondents | Case No.: 11-32059-TEC<br><br>Chapter: 13<br><br>**MOTION FOR RELIEF FROM STAY**<br>**[11 U.S.C. §§ 362 and 1325, 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 4001]**<br><br>**HEARING:**<br>Date:    August 8, 2011<br>Time:   1:00 PM<br>Place:  U.S. Bankruptcy Court<br>          235 Pine Street, 23rd Floor<br>          San Francisco, CA 94104<br><br>*The Honorable Thomas E. Carlson* |

TO: THE HONORABLE THOMAS E. CARLSON, JUDGE OF THE UNITED STATES BANRUPTCY COURT, THE UNITED STATES TRUSTEE, THE CHAPTER 13 STANDING TRUSTEE, DAVID BURCHARD, DEBTORS, DEBTORS' COUNSEL, AND OTHER INTERESTED PARTIES:

**COMES NOW**, this 25th day of July, 2011, Movant Crystal Delligatti, hereinafter ("Movant") by and through her counsel of record, Selwyn D. Whitehead, Esq., and hereby files this Motion For Relief From Stay, alleging the following in support thereof:

### COUNT I – RELIEF FROM STAY – CAUSE – BAD FAITH

1.      This court has jurisdiction over the subject matter of this Motion pursuant to provisions of 28 United States Code §§ 157, 1334, and 11 United States Code §§ 362 and 1325.

2.      The Debtors/Respondents are Edward P. Sturt-Penrose And Heather L. Gibbons (hereinafter "Debtors") with an address of 673 Kansas Street, San Francisco, CA 94107.

3.      The Movant is Crystal Delligatti, by and through her counsel of record, Selwyn D. Whitehead, Esq., with an address of 4650 Scotia Avenue Oakland, CA 94605.

4.      The Debtors filed for protection under Chapter 13 of the United States Bankruptcy Code on May 27, 2011.

5.       On June 18, 2010, Movant filed her complaint for hostile environment sexual harassment, failure to prevent discrimination and harassment, retaliation and wrongful termination in violation of public policy in the Superior Court of the State of California for the Count of San Mateo, as Case No. CIV 496101. Andrew M. Agtagma, Esq. represents the Movant in her State Court proceeding. The following brief procedural chronology is stated in support of Movant's contentions:

   a.     Sturt-Penrose answered the complaint on August 6, 2010, and in the ensuing months, the parties exchanged various written discovery requests. Additionally, Sturt-Penrose commenced Movant's deposition on October 20, 2010 and completed it on November 19, 2010.

   b.     After the initial case management conference, which was also on October 20, 2010, the parties agreed to mediate the case. Mediation was scheduled with Arthur Siegel, Esq. on March 28, 2011. In recommending that only a half-day mediation be scheduled—as opposed to a whole-day mediation—defense counsel, Derrick Sturm Esq., remarked that the mediation "shouldn't take long."

   c.     The import of this comment became clear a week prior to the mediation, when Sturm informed Movant's Counsel Agtagma that Sturt-Penrose's corporation, VistaPost intended to file bankruptcy later that week. Sturm stated that Sturt-Penrose was considering bankruptcy as well. The mediation came and went without the parties settling the case.

   d.     Movant noticed the deposition of Sturt-Penrose to take place on April 11, 2011, after it was clear that Sturt-Penrose was not serious about trying to settle the case at mediation. The day before the deposition, when Movant's Counsel Agtagma called to confirm Sturt-Penrose's deposition, defense counsel asked to have the deposition rescheduled. It was

rescheduled for April 27, 2011. During the April 27, 2011, deposition, Sturt-Penrose reiterated that VistaPost would be filing bankruptcy "within 48 hours." He reiterated throughout that VistaPost was no longer in operations, but testified that he was now working for a company that he called "Nova Group."

   e. Sturt-Penrose denied that this latter company is a continuation of the former, but during his deposition, he admitted that the new company is located at the same address, hired three-fourths of VistaPost's staff when it took over, and retained some of the same clientele. A subsequent investigation identified the new company as Novavista Fulfillment, L.L.C. ("Novavista").

   f. A mandatory settlement conference was held on May 12, 2011 before the Honorable Steven Dylina of San Mateo Superior Court. At the conference, Movant's Counsel Agtagma informed Defense Counsel Sturm that Movant would seek leave to amend the complaint to add Novavista as a defendant. Sturm responded that the new company would be winding down as well, even though it had only begun operations a few months earlier. Sturt-Penrose also reiterated that a bankruptcy petition was being filed that day. Judge Dylina asked Sturt-Penrose to fax proof of the bankruptcy filing to the Court and had the parties wait until it was received. Judge Dylina let the parties go after one hour, despite not having received the requested fax.

   g. The following day, Movant's Counsel Agtagma received a notice of stay as the result of VistaPost's Chapter 7 bankruptcy filing. The trial, which was scheduled on May 31, 2011, was vacated accordingly. (Sturt-Penrose then filed his Chapter 13 petition a few weeks later on May 27, 2011.)

  6. These acts support Movant's contention that Debtors filed bankruptcy for the sole purpose of eliminating the debtor's obligation to pay Movant for the pending Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation; a clear showing that Debtors' case filing does not satisfy the requirements of 11 U.S.C. §1325 (a) (7) in that the action of the debtor in filing the petition, as set forth above, was not in good faith. Also, Movant contends that in that Debtor's Plan does not satisfy the requirements of 11 U.S.C. §1325(a) (3) in that the Plan has not been proposed in good faith. Good faith is not able to be established in this case for several reasons: 1) the income and expenses being reported on the Schedules is

anticipated rather than actual; 2) the monthly net income reported on Schedules J is $499.00; and 3) the disposable income reported on the Means Test is $1415.50.  The Plan payment being offered is $600 for the first 6 months, $1,000.00 for the next 6 months, and $1,600.00 for the last 48 months, which does not address how the debtors can realistically fund the Plan over the next 60 months and be successful.[1]

7. Debtors caused willful and malicious injury to another entity or to the property of another entity, namely the Movant.  Willful and malicious injury is evident to the Movant by not only the bankruptcy filing of Debtors personal bankruptcy but also the bankruptcy filing of VistaPost, LLC filed in May 2011, Northern District Case Number 11-31854 and the fact that the new company, Novavista would be winding down as well, even though it had only begun operations a few months earlier.

8. The dissolution of VistaPost and thus filing of Debtors bankruptcy shields the Debtors and VistaPost from the lawsuit, thereby eliminating the Debtors obligation to settle with Movant for the pending Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation.

9. As the Ninth Circuit explained:  "Under the Bankruptcy Code, *when a debtor files his petition* for bankruptcy, he receives the benefit of an *automatic stay* that is imposed on his creditors, . . . preventing them from proceeding to collect on their claims. . . . Under Chapter 11 [or 13], the stay is also intended to give the debtor time to reorganize his assets in order to rehabilitate his business [or personal financial affairs]. . . ."In certain cases, however, the stay may work an inequity on creditors.  If so, the creditor may obtain *relief from the stay* under 11 U.S.C. § 362(d) (1982). Such relief is granted (1) for cause, . . . The *debtor's lack of good faith in filing a bankruptcy petition* has often been used as cause for *removing the automatic stay*." (*In re Arnold* 806 F.2d 937, 939 (9th Cir. 1986), citations omitted, italics added.)  If it is obvious that a debtor is attempting unreasonably to deter and harass creditors in their bona fide efforts …, good faith does not exist. (*In re Arnold, supra*, citing *In re Thirteenth Place, Inc.*) 30 B.R. 503, 504 (Bankr.App.9th Cir. 1983).  "To determine if a petition has been filed in bad faith courts are

---

[1] Movant requests that this Court take judicial notice of Movant's Objection to Confirmation, which was dated, filed and docketed with this Court on July 7, 2011, as docket item #16, and the Declaration of Selwyn D. Whitehead in Support of Movant's Objection to Confirmation and Exhibits, which were dated, filed and docketed with this Court on July 9, 2011 as docket item #19.  These papers more fully develop Movant's bad faith arguments.

MOTION FOR RELIEF FROM STAY
CASE NO. 11-32059
Page 4

Case: 11-32059   Doc# 25   Filed: 07/25/11   Entered: 07/25/11 18:28:56   Page 4 of 11

guided by the standards used to evaluate whether a plan has been proposed in bad faith. . . . To determine bad faith a bankruptcy judge must review the 'totality of the circumstances.' . . . A judge should ask whether the debtor 'misrepresented facts . . . [or] unfairly manipulated the Bankruptcy Code,' … Bad faith exist where the debtor only intended to defeat state court litigation." *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994).

10. Here, Debtors' have misrepresented the facts in their petition and schedules in an attempt to unfairly manipulate the Bankruptcy Code and have shown their bad faith by filing their bankruptcy to defeat Movant's pending state court litigation.

11. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1) for cause. If Movant is not permitted to continue the above-mentioned pending state court litigation, Movant will suffer further irreparable injury, loss and damage. Granting said Motion for Relief for continuance of the state court litigation will curtail additional suffering, further irreparable injury, loss and damage.

## COUNT II – RELIEF FROM STAY – CAUSE – CONGRESSIONAL POLICY FAVORING PLAINTIFF'S CHOICE OF FORUM

12. 11 U.S.C. Sec. 362(d)(1) allows relief from the automatic stays provided by § 362(a) for "cause." "Because there is no clear definition of what constitutes 'cause', discretionary relief from the stay must be determined on a case by case basis." In this case, several factors constitute "cause." Most notably, the clear congressional policy to give state law claimants a right to have claims heard in state court. See 28 U.S.C. §1334(c). See *In re Castlerock Props.*, 781 F.2d 159 (9th Cir. 1986). And that right to have matters decided in state court becomes mandatory were the action in question concerns a personal injury tort. See 28 U.S.C. §157(b)(2)(O). An analogy to the bankruptcy court's abstention and remand analysis process is appropriate here.

13. Bankruptcy Courts *may*, and sometimes *must* abstain from hearing disputes that are only tangentially related to the bankruptcy case. (See 28 U.S.C. §1334(c); *In re Tucson Estates, Inc*. 9th Cir 1990 912 F.2d 1162, 1169.).

### A. Discretionary Abstention Under 28 U.S.C. §1334(c)(1)

14. Discretionary abstention under § 1334 applies to both core and noncore proceedings. (See 28 U.S.C. §1334(c)(1) – court may abstain from hearing proceedings "arising

MOTION FOR RELIEF FROM STAY
CASE NO. 11-32059
Page 5

Case: 11-32059   Doc# 25   Filed: 07/25/11   Entered: 07/25/11 18:28:56   Page 5 of 11

under title 11 or arising in or related to a case under title 11").

A bankruptcy court may not abstain from hearing a particular action unless the action is currently pending in state court. The grounds for discretionary abstention are found where: (1) the effect (or lack thereof) on efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable law; (4) the presence of a related proceeding commence in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of nondebtor parties. (*In re Tucson Estates, Inc.* 912 F.2d 1162, 1167 (9th Cir. 1990); *In re Eastport Assocs.* 935 F.2d 1071, 1075-1076 (9th Cir. 1991); *In r Lazar* 200 B.R. 358, 372 (CD CA 1996)).

At bottom, the question is committed to the sound discretion of the bankruptcy judge. *McCarthy v. Prince(In re McCarthy)*, 230 B.R. 414, (9th Cir. BAP 1999). According to the Honorable Leslie Tchaikovsky (Retired), among other authorities, "cases decided under the abstention statute are persuasive authority for determining whether a removed action should be remanded [or allowed to proceed in state court by lifting the stay]." *Lorence v. Pepler (In re Diversified Contract Services)*, 167 B.R. 591, 596 (ND CA 1994). The factors that must be considered for remand or abstention in this instance are the same. They are:

    a.    the court's duty to decide matters properly before it;
    b.    the plaintiff's choice of forum as between state and federal courts;
    c.    the nature of the claim or claims, that is, whether purely state law matters which could be better addressed by the state court are involved;
    d.    prejudice to involuntarily removed parties;
    e.    comity considerations;
    f.    economical and/or duplicative use of judicial resources; and,
    g.    effect a remand decision would have on the efficient and economic

administration of the estate. *Gorse v. Long Neck Ltd., (Matter of Long Neck, Ltd.)*, 107 B.R. 479 (D DE 1988); see also *In re Marathon Home Loans* 96 B.R. 296, 300 (ED CA 1989) (recognized equitable ground include fairness, judicial economy, forum non conveniens, prompt and final resolution of disputes, and respect for state courts on question of state law).

15. Here, Movant's has selected the state court as her forum of choice. The proceeding is in question involves matters that are purely state law questions – Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation. Movant is prejudiced by having her state court matter, which is ready for trial, stayed in bankruptcy court. Comity favors allowing this state court litigation to proceed in state court and extracting this matter from Debtor's bankruptcy will have little if any effect on the administration of the bankruptcy estate. In sum, fairness, judicial economy, forum non conveniens, the ability for prompt and final resolution of the parties' disputes, as well as the respect for state courts on question of state law weigh in favor of lifting the stay on discretionary abstention grounds.

**B. Mandatory Abstention Under 28 U.S.C. §1334(c)(2)**

16. Mandatory abstention is required where the proceeding in question is "based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section ... if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." (See U.S.C. § 1334(c)(2)). Mandatory abstention under 1334 applies to proceedings commenced in state court where the court finds that: (1) the abstention motion is timely made; (2) the proceedings involves a purely state law question; (3) the proceeding is noncore and merely "related to" the bankruptcy case; (4) no independent federal jurisdiction exists for the proceeding absent filing of the bankruptcy petition; (5) an action was commenced in state court; (6) the proceeding can be timely adjudicated in state court; and, (7) jurisdiction is appropriate in state court. (*In re Lazar* CD CA 1996) 200 B.R. 358, 370; *In re Conejo Enterprises, Inc.*, 71 F.3d 1460, 1464 (9th Cir. 1995); *In re Kold Kist Brands, Inc*. (CD CA 1993) 158 B.R. 175, 178); *In re World Solar Corporation.*, 81 B.R. 603, 606 (SD CA 1988); *In re Baldwin Park Inn Assoc.*, 144 B.R. 475 (CD CA 1992).

17. Here, Movant's motion is timely in that it is filed within two months of the

bankruptcy case filing on May 27, 2011 and within one month of the meeting of the creditors on July 7, 2011. The proceeding Movant desires to recommence in state court involve purely state law questions – Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation. As such and as "personal injury torts" excepted from inclusion as a core matter in 28 U.S.C. § 157 (b)(2)(O), the litigation in question is noncore and merely "related to" the bankruptcy case and therefore, has no independent federal jurisdiction absent the Debtor's filing their bankruptcy petition. As stated above, the proceeding Movant desires to recommence was commenced in the Superior Court of the State of California for the County of San Mateo on June 18, 2010. Superior Court has the expertise to timely adjudicate the subject matter and is therefore the most appropriate jurisdiction to hear the matter.

18. Finally, as personal injury tort and wrongful death claims are excluded from Bankruptcy Court jurisdiction, Movant's Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy claims must either be tried in district court or state court. See 11 U.S.C. § 157(b)(5). This special status is the result of Congress' awareness that personal injury tort and wrongful death victims do not voluntarily enter into dealings with debtors and accept the risk of loss in the same sense as traditional bankruptcy claimants. See *In re Poole Funeral Chapel, Inc.*, 63 B.R. 527, 530 (ND AL 1986). Sexual harassment claims are personal injury claims within the meaning of § 157(b); *Stranz v. Ice Cream Liquidation, Inc.* (*In re Ice Cream Liquidation, Inc.*), 281 B.R. 145 (D CT). Therefore, this Court is subject to the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2).

19. Thus, Movant has provided the rationale, both for discretionary and mandatory abstention and that either basis standing alone, constituting "cause" for lifting the stay to allow the state court action to proceed to judgment in a nonbankruptcy forum. (See *In Re Universal Life Church, Inc.* 127 B.R. 453, 455 (ED CA 1991).

## CONCLUSION

20. By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code § 362(d)(1) for cause. Further, if Movant is not permitted to continue the above-mentioned pending litigation, Movant will suffer further irreparable injury, loss

and damage.  Granting said Motion for Relief for continuance will circumvent additional suffering, further irreparable injury, loss and damage.

    WHEREFORE, Movant, Crystal Deligatti, moves that the stay pursuant to 11 U.S.C. § 362 be lifted to permit the pending Hostile Environment, Sexual Harassment, Failure To Prevent Discrimination And Harassment, Retaliation And Wrongful Termination In Violation Of Public Policy Litigation to continue and allow her to pursue any other remedies that she might have under state law with respect to recovering a claim against the Debtors that arose before the commencement of the instant bankruptcy case.

Dated:  July 25, 2011        Respectfully Submitted,

        LAW OFFICES OF SELWYN D. WHITEHEAD

        /s/ Selwyn D. Whitehead, Esq.
        SELWYN D. WHITEHAD, ESQ.
        Attorney for Creditor
        CRYSTAL DELLIGANTTI

MOTION FOR RELIEF FROM STAY
CASE NO. 11-32059
Page 9
Case: 11-32059   Doc# 25   Filed: 07/25/11   Entered: 07/25/11 18:28:56   Page 9 of 11

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead the undersigned, declare :

I am employed in the City of Oakland, County of <u>Alameda</u>, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue Oakland, CA 94605. On July 25, 2011, I served the following document(s):

**(1) MOTION FOR RELIEF FROM STAY**
**(2) NOTICE OF HEARING ON MOTION FOR RELIEF FROM STAY; and,**
**(3) DECLARATION OF ANDREW M. AGTAGMA IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

on each party listed below in the manner or manners described below and addressed as follows:

**Service Via U.S. Mail:**
**Heather L. Gibbons**
**Edward P. Sturt-Penrose**
673 Kansas Street
San Francisco, CA 94107

**Crystal Delligatti**
**C/O Andrew M. Agtagma, Esq.**
1660 S. Amphlett Blvd,
Suite 116
San Mateo, CA 94402

**Ramesh Singh**
c/o Recovery Management Systems Corp.
Financial Controller
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
claims@recoverycorp.com

**Chambers Copy**
The Honorable Thomas E. Carlson
United States Bankruptcy Court
For the Northern District of California
P.O. Box 7341
San Francisco, CA 94120
Attn: Gordon Hom, Courtroom Deputy

**Electronic Service:**
**Patrick McMahon, Esq.**
Law Offices of Patrick McMahon
703 Market St. #1109
San Francisco, CA 94103

patrick@bklawclinic.com

**Office of the U.S. Trustee / SF**
Office of the U.S. Trustee
235 Pine St
Suite 700
San Francisco, CA 94104
USTPRegion17.SF.ECF@usdoj.gov

**David Burchard**
393 Vintage Park Drive
Suite 150
Foster City, CA 94404
(650) 345-7801
TESTECF@burchardtrustee.com

**Jonathan J. Damen, Esq.**
Routh, Crabtree and Olsen PS
1241 E Dyer Rd. #250
Santa Ana, CA 92705
bknotice@rcolegal.com

    I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead, for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelop via postage pre-paid, regular first class mail and/or electronic service via the Court's ECF System.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 25<u>th</u> day of July, 2011 at Oakland, California.

                                         <u>/s/ Selwyn D. Whitehead, Esq.</u>
                                         SELWYN D. WHITEHAD, ESQ.